IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

CAMMIE I. TURNER                                                       PLAINTIFF

v.                         CIVIL NO. 18-3030

NANCY A. BERRYHILL, Commissioner
Social Security Administration                                 DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Cammie I. Turner, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

Plaintiff protectively filed her current application for DIB on May 6, 2015, alleging an inability to work since May 10, 2013,[1] due to seizures, hearing problems, anxiety, panic attacks, post-traumatic stress disorder, severe depression, irritable bowel syndrome, diverticulitis, chronic asthma, knee problems, cervical cancer stage 3, equilibrium problems, gallbladder problems and suicidal attempts. (Tr. 90-91, 199, 213). For DIB purposes, Plaintiff maintained insured status through December 31, 2015. (Tr. 14, 29). An administrative hearing was held on March 16, 2017, at which Plaintiff appeared with counsel and testified. (Tr. 23-66).

---

[1] Due to a prior administrative determination, Plaintiff's counsel requested Plaintiff's amended alleged onset date be amended to May 11, 2013. (Tr. 28).

1

By written decision dated July 3, 2017, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 14). Specifically, the ALJ found that through the date last insured Plaintiff had the following severe impairments: sensorineural hearing loss (bilateral); major depression; anxiety; posttraumatic stress disorder (PTSD); and obesity. However, after reviewing all of the evidence presented, the ALJ determined that through the date last insured Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 15). The ALJ found that through the date last insured Plaintiff retained the residual functional capacity (RFC) to:

> perform light work as defined in 20 CFR 404.1567(b) except as follows: The claimant can perform work consisting of simple tasks and simple instructions and incidental contact with the public.

(Tr. 17). With the help of a vocational expert, the ALJ determined that through the date last insured Plaintiff could perform work as an ampule sealer, an escort driver and a fishing reel assembler. (Tr. 21).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on January 24, 2018. (Tr. 1-7). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 7). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 12, 13).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a

reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

The Court has reviewed the entire transcript and the parties' briefs. For the reasons stated in the ALJ's well-reasoned opinion and the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice. See Sledge v. Astrue, No. 08-0089, 2008 WL 4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), aff'd, 364 Fed. Appx. 307 (8th Cir. 2010).

DATED this 31st day of May 2019.

/s/ Erin L. Wiedemann
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE